J-A09018-15

2015 PA Super 101

| ESTATE OF ARTHUR DENMARK, BY AND THROUGH HIS ADMINISTRATOR, ANTHONY W. HURST, SR., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| JOSEPH WILLIAMS, M.D., RAVINDRA C. HALLUR, M.D., MERCY PHILADELPHIA HOSPITAL AND MERCY HEALTH SYSTEM, | : | |
| Appellees | : | No. 1900 EDA 2014 |

Appeal from the Order May 27, 2014,
Court of Common Pleas, Philadelphia County,
Civil Division at No. 01133

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

OPINION BY DONOHUE, J.:                    **FILED APRIL 28, 2015**

Appellant, the Estate of Arthur Denmark, by and through its administrator, Anthony W. Hurst, Sr. ("Hurst"), appeals from the trial court's order dated May 27, 2014.  On appeal, Hurst contends that the trial court erred in dismissing his claims for vicarious liability and corporate negligence against Appellees Mercy Philadelphia Hospital and Mercy Health System (together, "Mercy" or the "Mercy entities").  For the reasons that follow, we reverse and remand this case to the trial court so that Hurst may proceed on his amended complaint against the Mercy entities on his claims for vicarious liability and corporate negligence.

Hurst commenced this action on June 1, 2012 by filing a complaint naming four defendants, Ravindra C. Hallur, M.D. ("Dr. Hallur"), Joseph Williams, M.D. ("Dr. Williams"), and the Mercy entities. Dr. Hallur and the Mercy entities filed preliminary objections, in response to which Hurst filed an amended complaint.

In his amended complaint, Hurst alleged that Arthur Denmark ("Denmark") was admitted to Mercy Philadelphia Hospital on March 12, 2010 to undergo a tracheotomy as a result of his emphysema. Amended Complaint, ¶¶ 6-7. Hurst further alleged that after the tracheotomy, Denmark was alert and responsive until March 18, 2010, when he "was permitted to either attempt to leave his bed unassisted or fell out of his bed." *Id.* ¶¶ 8-9. His fall resulted in the dislocation of a catheter, and surgery had to be scheduled because the catheter could not be replaced at bedside. *Id.* ¶¶ 10-11. According to Hurst, during the surgery, which was performed by Dr. Williams, Denmark's bladder was severely lacerated. *Id.* ¶¶ 12-13. Hurst also alleged that following the surgery, Denmark's care was managed by Drs. Williams and Hallur. *Id.* ¶ 14. Gauze was negligently left in Denmark's body after the surgery was complete and the stitches applied, and blood continued to be present in Denmark's urine. *Id.* ¶¶ 15-16. Hurst contends that as a result of the Defendants' negligence, Denmark developed septic shock and died on April 2, 2010. *Id.* ¶¶ 17-18.

Counts I and II of Hurst's amended complaint set forth causes of action against Drs. Williams and Hallur, respectively, for negligence. Counts III and IV stated causes of action against the Mercy entities for vicarious liability and corporate negligence. Counts V and VI set forth causes of action for wrongful death and survival against all of the defendants.

Dr. Hallur and the Mercy entities filed preliminary objections to the amended complaint. By order dated August 31, 2012, the Honorable Allan L. Tereshko sustained the preliminary objections, ruling that

> (a) all claims for punitive damages in Paragraphs 26, 33, 46 and 53 are stricken with prejudice;
>
> (b) all references to unidentified agents, servants, employees, attending physicians, nursing staff, other support staff, administrators, boards and committees in Count III and Count IV are stricken with prejudice;
>
> (c) Paragraphs 24(a)-(c), (e), (h)-(i) and (l)-(p) and Count IV are stricken with prejudice; and
>
> (d) Paragraphs 24(e) and (q) are stricken with prejudice.

Trial Court Order, 8/31/2012, at 1.

On January 24, 2014, the trial court granted Dr. Williams' unopposed motion for summary judgment, dismissing all claims against him. Trial Court Order, 1/24/2014, at 1. On the date set for trial, May 23, 2014, Dr. Hallur and the Mercy entities moved in limine to preclude all evidence and testimony against Dr. Hallur because his work was not criticized in Hurst's

expert report. N.T., 5/23/2014, at 3. Based upon the "law of the case as established by the order of Judge Tereshko," counsel for Hurst took no position on the motion in limine. *Id.* at 3-4. The Honorable Shelley Robins New granted the motion in limine. *Id.* at 4.

Counsel for Dr. Hallur and the Mercy entities then moved for a "nolle pros," which counsel for Hurst did not oppose. *Id.* at 4-5. Instead, counsel for Hurst indicated that he was preserving his right to appeal Judge Tereshko's August 31, 2012 order. *Id.* at 5. Judge Robins New then indicated that she would grant "the nolle pros requested by the defense, and all issues in regards to Judge Tereshko's orders on preliminary objections are preserved for purposes of appeal." *Id.* On May 27, 2014, Judge Robins New entered an order that stated, "Non Pros entered." Trial Court Order, 5/27/2014, at 1. On June 3, 2014, counsel for Hurst filed a praecipe for entry of judgment on Judge Robins New's May 27, 2014 order.

Hurst appeals subsections (b) and (c) of Judge Tereshko's August 31, 2012 order granting preliminary objections, as these two subsections effectively dismissed his claims against the Mercy entities for vicarious liability and corporate negligence. With respect to his claim for vicarious liability, Hurst contends that striking all of the allegations relating to unidentified agents in subsection (b) of his order was error, as Pennsylvania appellate courts have held that employees may be unnamed or referred to as a group in a complaint alleging vicarious liability. With respect to his

- 4 -

claim for corporate negligence, Hurst contends that the trial court erred in striking/dismissing this claim in subsection (c) of its order because the amended complaint contained sufficient allegations to sustain this claim as a matter of law.

Before we address the issues raised on appeal by Hurst, we must first determine whether this appeal is properly before the Court. In their appellate brief, Dr. Hallur and the Mercy entities contend that Hurst failed to preserve any issues for appeal because he did not file a petition to open the judgment of non pros pursuant to Rule 3051 of the Pennsylvania Rules of Civil Procedure. **See** Pa.R.C.P. 3051. In addition, this Court issued two per curium orders directing Hurst to show cause why this appeal should not be quashed, either because of the failure to petition the trial court to open the judgment of non pros pursuant to Rule 3051, Per Curium Order, 7/30/2014, at 1, or because a nolle pros is akin to the entry of a compulsory nonsuit, which is generally appealable only after the denial of a motion to remove nonsuit pursuant to Pa.R.C.P. 227.1. **See Billig v. Skvaria**, 853 A.2d 1042, 1048 (Pa. Super. 2004).

These circumstances present something of a procedural morass, as Judge Robins New's order dated May 27, 2014 may not properly be categorized as either a nolle pros or a non pros. It was not a nolle pros because our rules of civil procedure do not recognize "nolle pros" in the civil context. Under Pennsylvania law, the appellation "nolle pros" is now used

only in the criminal context, referring to a voluntary withdrawal by a prosecuting attorney of proceedings on a particular bill or information. ***See, e.g.***, ***Commonwealth v. Totaro***, 106 A.3d 120, 121-22 (Pa. Super. 2014). Likewise, Judge Robins New's order was not a non pros since it was not a judgment entered terminating Hurst's action due to any failure to properly and/or promptly prosecute the case. ***See Dombrowski v. Cherkassky***, 691 A.2d 976, 977 (Pa. Super. 1997). Our rules of civil procedure recognize the entry of a judgment of non pros in four situations: (1) under Rule 1037(a) for failure to file a complaint after the issuance of a rule to do so; (2) under Rule 1042.7 for failure to file a certificate of merit; (3) under Rule 218 on the trial court's own motion for failure to be ready at the start of trial; and (4) under Rule 4019 as a discovery sanction.[1] Judge Robins New's order was not entered in accordance with any of these rules.

For purposes of determining the issue of appealability, we look for guidance to our Supreme Court's decision in ***Lewis v. United Hospitals, Inc.***, 547 A.2d 626 (Pa. 1997), a case with close factual and procedural similarities to the case presently before us. In ***Lewis***, also a medical malpractice action, the trial court granted the doctor/defendant's motion in limine to preclude the plaintiffs' medical expert from testifying at trial, and

---

[1] For purposes of completeness, we note that non pros may also be entered for inactivity if there is a lack of due diligence in prosecuting the case on the part of the plaintiff, no compelling reason for the delay, and actual prejudice to the defendant. ***See, e.g.***, ***Jacobs v. Halloran***, 710 A.2d 1098, 1103 (Pa. 1998); Pa.R.J.A. 1901.

denied the plaintiffs' motion to introduce a revised expert report. *Id.* at 628. The trial court then granted the doctor/defendant's motion for a compulsory nonsuit, from which the plaintiffs appealed without filing a post-trial motion pursuant to Rule 227.1 to remove the nonsuit. *Id.* at 629. Our Supreme Court held that the trial court erred in granting a compulsory nonsuit, since pursuant to Rule 230.1, a nonsuit should not be granted prior to the close of a plaintiff's presentation of evidence at trial. *Id.* at 630. Following prior precedent from this Court, however, including *Gallagher v. Harleysville Mutual Insurance Company*, 618 A.2d 790 (Pa. Super. 1992), *appeal denied*, 629 A.2d 1381 (Pa. 1993), the *Lewis* Court ruled that the trial court should have treated the doctor/defendant's motion for compulsory nonsuit as a pre-trial motion for either summary judgment or judgment on the pleadings. *Id.* Treating the trial court's order as one granting a motion for summary judgment, the Supreme Court concluded that the plaintiffs had no obligation to move to remove the nonsuit pursuant to Rule 227.1, and the trial court's order was therefore immediately appealable. *Id.* at 631-32; *see also Valles v. Albert Einstein Medical Center*, 758 A.2d 1238, 1243 (Pa. Super. 2000), *aff'd*, 805 A.2d 1232 (Pa. 2002); *Wujcik v. Yorktowne Dental Associates, Inc.*, 701 A.2d 581, 583-84 (Pa. Super. 1997).

In accordance with *Lewis*, we will treat Judge Robins New's May 27, 2014 order as one granting summary judgment against Hurst, and was thus

final and appealable. We will now proceed to consider the substantive issues raised on appeal. For his first issue on appeal, Hurst contends that the trial court (Judge Tereshko) erred in striking all allegations of vicarious liability against the Mercy entities for the acts of "unidentified agents, servants, employees, attending physicians, nursing staff, other support staff, administrators, boards and committees." Trial Court Order, 8/31/2012, at 1(b). In Count III of his amended complaint, Hurst asserted a claim for vicarious liability against the Mercy entities for the negligence of "nursing staff, attending physicians and other attending personnel" acting within the scope of their employment "as agents, servants, or employees" of the Mercy entities. Amended Complaint, ¶¶ 28-31. In their preliminary objections, the Mercy entities argued that these allegations of agency did not satisfy the pleading requirements for an agency relationship, citing to ***Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan***, 535 A.2d 1095, 1100 (Pa. Super. 1987).

Our standard of review from an order granting a preliminary objection in the nature of a demurrer[2] is as follows:

---

[2] In their appellate brief, the Mercy entities note that Judge Tereshko did not **dismiss** the claims against them but rather **struck** allegations of Hurst's amended complaint. Appellees' Brief at 11. While technically true, we note that in their preliminary objections, the Mercy entities specifically referenced Rule 1027(a)(4) and indicated their motion to strike all allegations of agency was "in the nature of a demurrer based upon the legal insufficiency of a pleading." Preliminary Objections, 7/10/2012, ¶ 25. Moreover, subsection (b) of Judge Tereshko's August 31, 2012 order effectively dismissed as

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Durst v. Milroy Gen. Contracting, Inc.*, 2012 179, 52 A.3d 357, 359-60 (Pa. Super 2012) (quoting *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011)).

In *Sokolsky v. Eidelman*, 93 A.3d 858 (Pa. Super. 2014), this Court recently reviewed the basic requirements for a cause of action for vicarious liability:

Our Supreme Court has recently opined on the differences between direct and vicarious liability.

> To prove negligence, a plaintiff may proceed against a defendant on theories

---

legally insufficient Hurst's cause of action for vicarious liability for the acts of unnamed agents, servants, and employees of the Mercy entities. A demurrer is an assertion that a complaint does not set forth a cause of action upon which relief may be granted. *Desanctis v. Prichard*, 803 A.2d 230, 232 (Pa. Super. 2002).

of direct and vicarious liability, asserted either concomitantly or alternatively. Liability for negligent injury is direct when the plaintiff seeks to hold the defendant responsible for harm the defendant caused by the breach of duty owing directly to the plaintiff. By comparison, vicarious liability is a policy-based allocation of risk. Vicarious liability, sometimes referred to as imputed negligence, means in its simplest form that, by reason of some relation existing between A and B, the negligence of A is to be charged against B although B has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that [it] possibly can to prevent it. Once the requisite relationship (i.e., employment, agency) is demonstrated, the innocent victim has recourse against the principal, even if the ultimately responsible agent is unavailable or lacks the availability to pay.

*Scampone v. Highland Park Care Center, LLC*, 618 Pa. 363, 57 A.3d 582, 597 (2012) (citations and internal quotation marks omitted); *see also Hall v. Episcopal Long Term Care*, 54 A.3d 381, 402 (Pa. Super. 2012), *appeal denie*d, 620 Pa. 715, 69 A.3d 243 (2013).

Accordingly, in order to hold an employer vicariously liable for the negligent acts of its employee, these acts must be "committed during the course of and within the scope of the employment." *Sutherland v. Monongahela Valley Hosp.,* 856 A.2d 55, 62 *(Pa. Super. 2004)*, citing *R.A. v. First Church of Christ*, 748 A.2d 692, 699 (Pa. Super. 2000) (concluding that the sexual assault of a child was not committed within the scope of a minister's employment), *appeal denied*, 563 Pa. 689, 760 A.2d 855 (2000).

- 10 -

> The conduct of an employee is considered within the scope of employment for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

*R.A.*, *supra* (internal quotation marks omitted).

*Sokolsky*, 93 A.3d at 863-64.

In *Sokolsky*, we concluded that it is not necessary for a plaintiff to establish a right to recover on a claim for vicarious liability based upon the negligence of a specific named employee.

> Upon review, we conclude that the trial court erred as a matter of law when it ruled Sokolsky could not establish her right to recovery on her vicarious liability claim solely because she did not base that claim on an individual staff member's actions. The trial court's interpretation of vicarious liability rebuffs both the intent and the purpose underlying this theory of recovery. **Simply because employees are unnamed within a complaint or referred to as a unit, i.e., the staff, does not preclude one's claim against their employer under vicarious liability if the employees acted negligently during the course and within the scope of their employment.** Herein, both Manor Care and Lehigh Valley may be subject to vicarious liability for the negligent acts and omissions of its staff regarding the quality of care it rendered to Sokolsky. This vicarious liability attaches to Manor Care and Lehigh

- 11 -

> Valley regardless of Sokolsky's attack of an individual member of either entity's nursing staff.

*Id.* at 865-66 (emphasis added) (citations omitted).

The purpose of pleadings is to put a defendant on notice of the claims upon which it will have to defend. ***Yacoub v. Lehigh Valley Med. Associates, P.C.***, 805 A.2d 579, 588-89 (Pa. Super. 2002) (citing ***McClellan v. Health Maintenance Organization of Pennsylvania***, 604 A.2d 1053 (Pa. Super. 1992), *appeal denied*, 616 A.2d 985 (Pa. 1992)). A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa.R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. ***Yacoub***, 805 A.2d at 589.

In the present case, as detailed hereinabove, Hurst's amended complaint set forth the material allegations of negligence upon which his claims for vicarious liability against the Mercy entities were based -- including Denmark's fall causing the dislocation of a catheter, the surgery during which his bladder was severely lacerated, the gauze left in the wound after the stitches had been applied -- all allegedly resulting in the development of septic shock causing Denmark's death. Amended Complaint, ¶¶ 6-18. While Hurst did not identify the nurses or doctors allegedly

responsible (except for Drs. Williams and Hallur), the names of those who performed services in connection with Denmark's care (as described) are either known to the Mercy entities or could have been ascertained during discovery. Accordingly, when read in the context of the allegations of the amended complaint, Hurst's references to "nursing staff, attending physicians and other attending personnel" and "agents, servants, or employees" were not lacking in sufficient specificity and did not fail to plead a cause of action against the Mercy entities for vicarious liability. As such, subsection (b) of Judge Tereshko's August 31, 2012 order was error.

For his second issue on appeal, Hurst argues that Judge Tereshko erred in striking/dismissing his claim for corporate negligence against the Mercy entities. Our Supreme Court recognized a cause of action for corporate negligence by a hospital in **Thompson v. Nason Hosp.**, 591 A.2d 703 (Pa. 1991).

> Corporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital. This theory of liability creates a nondelegable duty which the hospital owes directly to a patient. Therefore, an injured party does not have to rely on and establish the negligence of a third party.
>
> The hospital's duties have been classified into four general areas: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all

persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients….

[W]e adopt as a theory of hospital liability the doctrine of corporate negligence or corporate liability under which the hospital is liable if it fails to uphold the proper standard of care owed its patient. In addition, we fully embrace the aforementioned four categories of the hospital's duties. It is important to note that for a hospital to be charged with negligence, it is necessary to show that the hospital had actual or constructive knowledge of the defect or procedures which created the harm. Furthermore, the hospital's negligence must have been a substantial factor in bringing about the harm to the injured party.

*Id.* at 707-08.

In her written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure,[3] Judge Robins New concluded that Hurst's amended complaint sufficiently alleged a cause of action for corporate negligence:

Taking all of [Hurst's] factual allegations as true (as a trial court must when ruling on a preliminary objection), [Denmark's] urinary catheter was dislodged and [Mercy's] agent physicians performed surgery to reinsert it. In that surgery, [Mercy's] agents "severely lacerated" [Denmark's] bladder and subsequently left a piece of gauze inside [Denmark] upon the completion of the procedure. These acts then allegedly resulted in [Denmark's] death from septic shock.

_____

[3] Judge Robins New indicated that she offered Judge Tereshko the opportunity to author the Rule 1925(a) opinion, but that he declined. Trial Court Opinion, 10/7/2014, at 3 n.1.

- 14 -

> The facts as averred by [Hurst] successfully allege violations of the duties owed by [Mercy] to [Hurst] under corporate negligence liability. The fact that the catheter became dislodged may be construed as a violation of the duty to maintain adequate equipment. A physician stitching a piece of gauze inside a patient may be sufficient for a factfinder to decide that physician was of questionable skill, violating the hospital's duty to retain only competent medical personnel. Thus, the facts as alleged by [Hurst] provide an adequate ground upon which relief can be granted under multiple theories of corporate negligence.

Trial Court Opinion, 10/7/2014, at 6-7.

Based upon our review of Hurst's amended complaint, we agree with Judge Robins New's analysis. We further note that Hurst also alleged that the Mercy entities "had actual or constructive knowledge of the defect [in] procedure which led to [Denmark's] injuries" and that their negligence was a "direct and proximate" cause of said injuries and death. Amended Complaint, ¶¶ 43, 45. For these reasons, we conclude that Hurst's amended complaint sufficiently pled a cause of action for corporate negligence, and as a result, the portion of subsection (c) of Judge Tereshko's August 31, 2012 order striking Count IV of Hurst's amended complaint was in error.

Hurst has not appealed subsection (a) of the August 31, 2012 order striking all claims for punitive damages. Hurst has also not appealed the striking of paragraphs 24(a)-(c), (e), (h)-(i), (l)-(p), and (q) of the amended complaint in subsections (c) and (d) of Judge Tereshko's order, or Judge Robins New's grant of the motion in limine regarding Dr. Hallur.

- 15 -

Accordingly, our decision here is limited to a determination that Hurst successfully pled causes of action against the Mercy entities for vicarious liability and corporate negligence. Because Judge Tereshko's August 31, 2012 order granting preliminary objections effectively dismissed these causes of action at the pleadings stage, Judge Robins New's May 27, 2014 order did not constitute an adjudication of these claims on their merits. All claims against Drs. Williams and Hallur were properly dismissed and Hurst has not appealed those decisions.

The order dated August 31, 2012 is hereby reversed in part as specified herein. The case is remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015