J-S07002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICKY TEJADA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LYNN GONZALEZ CERTIFIED NURSE PRACTITIONER OF SCI SMITHFIELD, | |
| Appellee | No. 735 MDA 2015 |

Appeal from the Order Entered March 25, 2015
In the Court of Common Pleas of Huntingdon County
Civil Division at No(s): 2013-01439

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 05, 2016**

Ricky Tejada appeals from the March 25, 2015 order granting preliminary objections filed by Appellee, Lynn Gonzalez, and dismissing his complaint.  We affirm.

On October 28, 2013, Ricky Tejada, an inmate at the State Correctional Institution ("SCI") in Smithfield, filed this *pro se* action against Ms. Gonzalez, who is a nurse practitioner at that institution.  Various documents were presented to institute this case, including a writ of summons and request to engage in pre-complaint discovery.  Appellee objected to the discovery request and countered with a *pracipe* seeking a rule for Appellant to file a complaint.  The trial court sustained Appellee's

_____
* Former Justice specially assigned to the Superior Court.

objection to pre-complaint discovery and issued a rule directing Appellant to file his civil complaint.

Appellant failed to file a formal complaint, but did, on February 6, 2014, present a document wherein he averred that Ms. Gonzalez 1) fraudulently refused to provide him health care; (2) breached an implied contract and fiduciary duty owed to Appellant; and (3) inflicted emotional distress.

The following facts are pertinent. Appellant is currently serving twenty to forty years in jail after he was convicted of attempted homicide, aggravated assault, simple assault, and recklessly endangering another person, for the shooting of Luis Villatoro twice, once in the face and once in the back of the head. *See Commonwealth v. Tejada*, 834 A.2d 619 (Pa.Super. 2003).

Appellant initially was incarcerated at SCI in Camp Hill and was transferred to SCI Smithfield. In September 2013, Appellant contacted the medical staff at SCI Smithfield to obtain multi-vitamins and dandruff shampoo pursuant to prescriptions that he had been issued while imprisoned at SCI Camp Hill. The health care administrator at SCI Smithfield determined that those prescriptions had been discontinued when Appellant arrived at Smithfield. Appellant also requested that he be tested for HIV and hepatitis, which the administrator denied. Appellant filed a formal grievance regarding the administrator's decisions, and the prison issued a response on

October 1, 2013, informing Appellant that Nurse Gonzalez reviewed his case and determined that he had no clinical condition requiring either the prescriptions for the dandruff shampoo and vitamins or the requested diagnostic tests.

The present action ensued. Thus, this case revolves around the fact that Ms. Gonzalez discontinued Mr. Tejada's right to free dandruff shampoo and multi-vitamins as not medically necessary, forcing him to purchase them from the prison commissary. Appellant initially sought to compel medical testing. Ms. Gonzalez moved for access to Appellant's medical records for purposes of determining whether there was a clinical need for the shampoo, vitamins, and the testing. The trial court granted discovery of the medical records, and, on appeal, we affirmed. We concluded that, based upon the allegations in this lawsuit, Appellant waived his privilege against revealing his confidential medical records. *Tejada v. Certified Nurse Practitioner Gonzalez of SCI Smithfield*, 2015 WL 7575702 (filed February 10, 2015).

Ms. Gonzalez thereafter filed preliminary objections in the nature of a demurrer to the complaint. Before the trial court ruled on the preliminary objections, Appellant filed an amended complaint that raised the same essential allegations as those in the first one. On March 25, 2015, the trial court granted Appellee's preliminary objections, and dismissed this case. This appeal followed. Appellant presents these questions for our review:

[1.] By the action at trial court docket No. 2013-1439 below, constituting a billing and service violation, which is an impairment of contract, the defendant took a constitutional oath not to impair, is the trial courts [sic] order of 3/25/2015 a result of bias, prejudice or ill will-being an error at law and/or abuse of discretion?

[2.] Is a contract a valid agreement, when both parties agree to it's [sic] terms and conditions and by the defendant being under constitutional oath not to impair any contract, was defendant bound by it's [sic] terms under agency law?

[3.] By the complainant, being placed under duress to file a complaint, designed so that the complaint wasn't capable of surviving a demurrer?

[4.] Was [the] trial court required to rule on the March 6, 2015 amended complaint?

Appellant's brief at 4.

We first examine our standard of review from an order sustaining a preliminary objection in the nature of a demurrer:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Estate of Denmark ex rel. Hurst v. Williams*, 117 A.3d 300, 305 (Pa.Super. 2015).

While Appellant's averments in his brief are barely decipherable, the thrust of this action is that Ms. Gonzalez was obligated to provide Appellant with dandruff shampoo and multi-vitamins. Appellant has abandoned his request for medical testing for HIV and hepatitis. On appeal, Appellant premises his right to relief on breach of a contract by Ms. Gonzalez that she was constitutionally required to fulfill. Fatal to Appellant's claim is the fact that he totally fails to articulate any facts upon which this court can find the existence of a contractual obligation on the part of Ms. Gonzalez. "A breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa.Super. 2011) *aff'd*, 106 A.3d 656 (Pa. 2014). A contract can be "manifested orally, in writing, or as an inference from the acts and conduct of the parties." *Id*. Herein, Appellant fails to set forth any legal basis upon which we can conclude Ms. Gonzalez was contractually obligated to prescribe him shampoo and vitamins.

In his complaint, Appellant also averred the existence of fraud.

[F]raud must be averred with "particularity." Pa.R.Civ.P. Rule 1019(b). This Court has stated that although it is impossible to establish precise standards as to the degree of particularity required under this rule, two conditions must be met to fulfill the requirement: (1) the pleadings must adequately explain the nature of the claim to the opposing party so as to permit the

preparation of a defense, and (2) they must be sufficient to convince the court that the averments are not merely subterfuge. ***Bata v. Central-Penn National Bank****,* 423 Pa. 373, 380, 224 A.2d 174, 179 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

. . . .

A cause of action for fraudulent misrepresentation is comprised of the following elements: "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result." ***Scaife Co. v. Rockwell-Standard Corp.,*** 446 Pa. 280, 285, 285 A.2d 451, 454 (1971), *cert. denied,* 407 U.S. 920, 92 S.Ct. 2459, 32 L.Ed.2d 806 (1972).

***Martin v. Lancaster Battery Co.****,* 606 A.2d 444, 448 (Pa. 1992).

Herein, the complaint did not set forth that Ms. Gonzalez made a fraudulent misrepresentation. She consistently maintained that Appellant had no clinical need for dandruff shampoo and vitamins. Hence, Appellant's complaint did not contain a viable cause of action for fraud.

Appellant also complains that he should have been permitted to amend his complaint.

Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

- 6 -

*Hill v. Ofalt*, 85 A.3d 540, 557 (Pa.Super. 2014) (emphasis in original; citation omitted).

After review, we conclude that there was no reasonable possibility that the complaint could have been amended to state a viable cause of action, and, on appeal, Appellant certainly provides no facts to support a contrary conclusion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016