J-A33032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| PHILIP DIAH-KPODO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WAWA, INC., VICKI SCHWARTZ, AND | : | |
| HOWARD B. STOECKEL, | : | |
| | : | |
| Appellees | : | No. 1100 EDA 2015 |

Appeal from the Order Entered March 17, 2015
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-00640

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 24, 2016**

Philip Diah-Kpodo (Plaintiff) appeals from the March 17, 2015 order that sustained preliminary objections to Plaintiff's second amended complaint (complaint) filed on behalf of Wawa, Inc., Vicki Schwartz, and Howard B. Stoeckel (Defendants, collectively).  We affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

The trial court summarized the history of the case as follows.

> On December 2, 2014, [P]laintiff filed his [] complaint.  By that complaint, [P]laintiff alleged that he was shopping at a Wawa retail store on January 12, 2012 when an employee told a police officer at the store that [P]laintiff had previously taken items without paying.  This caused the police officer to observe and follow [P]laintiff inside the store.  After [P]laintiff left the store, the police officer forced [P]laintiff to empty his pockets which revealed that [P]laintiff had stolen nothing.  The plaintiff characterized the experience as a frightening ordeal and an unjust indignity.  Upon those allegations, [P]laintiff set forth

* Retired Senior Judge assigned to the Superior Court.

counts seeking recovery for assault, negligent infliction of emotional distress and defamation, presumably from all of the defendants [P]laintiff named in the caption of his original complaint filed on January 10, 2014. Those defendants are: (1) Wawa, Inc.; (2) Vicki Schwartz; (3) Chris;[1] and (4) Howard B. Stoeckel.[2] On December 22, 2014, preliminary objections in the nature of a demurrer were filed on behalf of all defendants of record. Those defendants are: (1) Wawa, Inc.; (2) Vicki Schwartz; and (3) Howard B. Stoeckel.

> _____
> [2] Vicki Schwartz is a Wawa area manager who apologized to [P]laintiff and who offered him a gift card as compensation. Chris is the Wawa employee who spoke to the police officer. Howard B. Stoeckel used to be Wawa's Chief Executive Officer.

Trial Court Opinion, 3/17/2015, at 1-2 (citations and some footnotes omitted).

By order of March 17, 2015, the trial court sustained Defendants' objections and dismissed Plaintiff's complaint with prejudice. Plaintiff timely filed a notice of appeal.[2]

_____

[1] The caption of this complaint names "Wawa Inc. et al." as defendants, and the body of the complaint names only Vickie Schwartz as a party defendant. While "Chris" was named in Plaintiff's original complaint filed on January 10, 2014, and is arguably thus included in complaint at issue as one of the "al.," Chris never entered an appearance in the case and there is no indication in the record that he was served with original process. As such, Chris never became a party to this action. **Hill v. Ofalt**, 85 A.3d 540, 546 n.5 (Pa. Super. 2014) ("Milestone never became a 'party to the action,' as Appellant never served Milestone with original process and Milestone never entered an appearance in this case."). Furthermore, the trial court's March 17, 2015 order dismissed Plaintiff's complaint in its entirety, rendering it a final order. **Id.** Accordingly, this Court has jurisdiction to entertain this appeal. Pa.R.A.P. 341.

[2] The trial court did not order Plaintiff to file a concise statement of errors complained of on appeal, and none was filed.

Plaintiff presents this Court with three questions, which we have reordered for ease of disposition: (1) whether the police officer's search was a violation of Plaintiff's civil rights; (2) whether the police officer's action constituted an infliction of emotional distress; and (3) whether the complaint sufficiently stated a claim for defamation. Plaintiff's Brief at unnumbered page 2.

We begin with our standard of review.

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Estate of Denmark ex rel. Hurst v. Williams***, 117 A.3d 300, 305 (Pa. Super. 2015) (internal quotation marks and citations omitted).

We now examine Plaintiff's issues, starting with his argument that he suffered a civil rights violation. Plaintiff's complaint contains no reference to civil rights generally, nor any specific civil right alleged to have been violated. In his brief, Plaintiff states that his civil rights were violated "when

he was illegally searched" by the police officer. Plaintiff's Brief at unnumbered page 2. Hence, we assume he is arguing about a violation of his Fourth Amendment rights.

The Fourth Amendment is applicable to the states through the Fourteenth Amendment. *Commonwealth v. Kohl*, 615 A.2d 308, 311 (Pa. 1992). "[T]he Fourteenth Amendment of the Constitution of the United States applies only to 'state action' and not to private conduct."[3] *Adler v. Montefiore Hosp. Ass'n of W. Pennsylvania*, 311 A.2d 634, 639 (Pa. 1973). Plaintiff did not name as defendants the officer who searched him or the governmental body on whose authority the officer acted. The complaint contains no allegations to impute state action to any of the private defendants Plaintiff did sue. Hence, Plaintiff's first question merits no relief from this Court.

Count II of Plaintiff's complaint alleged that Defendants are liable for negligent infliction of emotional distress. Such a claim can be maintained only if one of the following applies:

> (1) [] the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.

---

[3] "Similarly, the search and seizure provisions of Article 1, section 8 [of the Pennsylvania Constitution], have been held inapplicable to the conduct of private parties." *W. Pennsylvania Socialist Workers 1982 Campaign v. Connecticut Gen. Life Ins. Co.*, 485 A.2d 1, 5-6 (Pa. Super. 1984).

**Weiley v. Albert Einstein Med. Ctr.**, 51 A.3d 202, 217 (Pa. Super. 2012).

Nothing in the complaint suggests that any of Defendants had a contractual or fiduciary duty toward Plaintiff; that Plaintiff was subjected to a physical impact; or that he observed an injury to anyone else. The only category into which Plaintiff's allegations arguably fits is the zone-of-danger rule. However, that rule "affords a cause of action for negligent infliction of emotional distress 'where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact.'" **Schmidt v. Boardman Co.**, 608 Pa. 327, 367, 11 A.3d 924, 948 (Pa. 2011) (quoting **Niederman v. Brodsky**, 261 A.2d 84, 90 (Pa. 1970)).

While Plaintiff stated that he feared an assault from the officer, and the officer put "Plaintiff in an unnecessary apprehension of imminent danger," Second Amended Complaint, 12/2/2014, at 5, he nowhere alleged that the officer somehow was a negligent force directed against him by any of Defendants, or that he actually faced physical impact from the officer. Accordingly, Plaintiff's second issue warrants no relief.

With his last issue, Plaintiff claims that he sufficiently alleged a claim for defamation. The requirements of a defamation claim are codified as follows:

> **(a) Burden of plaintiff.--**In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

**(b) Burden of defendant.**--In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:

(1) The truth of the defamatory communication.

(2) The privileged character of the occasion on which it was published.

(3) The character of the subject matter of defamatory comment as of public concern.

42 Pa.C.S. § 8343.

"Whether a communication can be construed to have a defamatory meaning is a question of law for the court to determine." *Cashdollar v. Mercy Hosp. of Pittsburgh*, 595 A.2d 70, 75 (Pa. Super. 1991). However, "[i]f the court has any doubt that the communication is defamatory, then the issue must be given to the jury for them to determine whether the defamatory meaning was understood by the recipient." *Gordon v.*

***Lancaster Osteopathic Hosp. Ass'n, Inc.***, 489 A.2d 1364, 1368 (Pa. Super. 1985).

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559. The Restatement (Second) of Torts further provides that a statement "that imputes to another conduct constituting a criminal offense" constitutes defamation *per se* "if the offense imputed is of a type which, if committed in the place of publication, would be (a) punishable by imprisonment in a state or federal institution, or (b) regarded by public opinion as involving moral turpitude." ***Id.*** at § 571.

The trial court determined that Chris's statement was not capable of defamatory meaning based upon the following:

> Here, the utterance at issue is the one by Chris to the police officer to "keep an eye on [Plaintiff because previously, Plaintiff] took items from the aforesaid store that he did not pay for." The fair implication of this statement is that [P]laintiff is a known shoplifter. It is apparent that the police officer took that as the statement's meaning which explains why he observed, followed and confronted [P]laintiff. However, reporting to a police officer that a person is a known shoplifter in the context pled is not a statement capable of defamatory meaning. Wawa retail stores are convenience stores that display for sale to the general public low[-]priced items such as snack foods, candy, soft drinks, non-perishable groceries and toiletries. Considerations of harm to reputation and dissuading a police officer from associating or dealing with a person reported to be a petty shoplifter are nonexistent. A first offense for shoplifting an item of value less than $150.00 is not even a misdemeanor, but is rather a summary offense. Moreover, an accusation of

shoplifting is not an accusation of a crime that rises to the level of defamation *per se*.

Trial Court Opinion, 3/17/2015, at 4-5 (citations omitted). There are several errors in this analysis.

First, in relying upon its understanding of the types of items for sale at Wawa and speculating about the value of property a person could steal therefrom, the trial court sustained preliminary objections in the nature of a demurrer based upon facts outside of the complaint. This is not permissible. ***See***, ***e.g.***, ***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 354 (Pa. Super. 2015) ("Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.").

Second, the trial court, after citing Section 571 of the Restatement, relied upon cases from 1866 and 1940 that noted a requirement that the crime accused be an "indictable" offense. Trial Court Opinion, 3/17/2015, at 5. However, Comment d. to Section 571 rejects this assertion:

> *Crime need not be indictable.* To fall within the rule stated in this Section, the crime charged need not be of a type that is subject to indictment. The older cases distinguished between major offenses, likely to do serious harm to reputation if charged, and minor offenses not likely to do serious harm, solely on the basis of the possibility of indictment. Modern changes in criminal procedure, with the substitution of the information or other methods of initiating prosecution, have made this an unreliable criterion. … If the crime charged falls within either

Clause (a) or Clause (b), the defamation is actionable *per se* even though there could be no indictment.

Restatement (Second) of Torts § 571.

Third, in Pennsylvania, the jurisdiction in which the defamatory statement was published, retail theft, even when graded as a summary offense, is a crime punishable by imprisonment. **See** 18 Pa.C.S. §3929(b)(1) (providing gradings for retail theft ranging from summary offense to third-degree felony); 18 Pa.C.S. § 1105 ("A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 90 days.").

As such, Plaintiff has alleged publication of a statement that not only is capable of defamatory meaning, but is defamatory *per se*. **Accord Ely v. Nat'l Super Markets, Inc.,** 500 N.E.2d 120, 128 (Ill. App. 1986) ("[W]e do not find the imputation of shoplifting at a supermarket too meaningless to be held actionable *per se*."); **Hall v. Heavey**, 481 A.2d 294, 298 (N.J. Super. 1984) ("For the purposes of the law of defamation, distinctions between the terms larceny, theft and shoplifting, whether crimes or lesser offenses, are not significant in our opinion. … For the law of defamation it should make little difference if a person's reputation is ruined by an unwarranted charge of theft of goods worth more or less than $200 or of taking merchandise from a store without paying for it. Clearly the accusation of theft involves a criminal offense of moral turpitude.").

Giving Plaintiff the benefit of all reasonable inferences of facts alleged in his complaint as we must at this stage, Plaintiff has alleged that Chris' *per se* defamatory statements were made during his employment with Wawa and in furtherance of Wawa's interests. Thus, the complaint states a defamation case of action against Wawa sufficient to survive preliminary objections. ***See, e.g.***, ***Estate of Denmark***, 117 A.3d at 306 (noting employer may be vicariously liable for tort of employee when acts are committed during the course and within the scope of employment). Accordingly, we reverse the trial court's order to the extent that it sustained the preliminary objections to Plaintiff's defamation count as to Wawa. However, the complaint contains no allegations to support imposition of liability for the defamation upon Vicki Schwartz or Howard B. Stoeckel personally. Therefore, we affirm that portion of the order that sustained the preliminary objections as to Ms. Schwartz and Mr. Stoeckel.

In summary, we affirm the order sustaining Defendants' preliminary objections and dismissing Plaintiff's complaint in all respects excepting Plaintiff's defamation claim against defendant Wawa. We reverse those portions of the trial court's March 17, 2015 order that sustained Wawa's preliminary objections to Plaintiff's defamation claim and that dismissed Plaintiff's defamation count as to Wawa.

Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/24/2016