J-S37040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID R. HOFFMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LUKE L. HOFFMAN, MARQUEE LLC, | : | No. 1946 MDA 2016 |
| JENNIFER M. DUBBLE, HOMESALE REAL | : | |
| ESTATE SERVICES, INC., D/B/A | : | |
| PRUDENTIAL LANDIS HOMESALE | : | |
| SERVICES | : | |

Appeal from the Order entered October 28, 2016
in the Court of Common Pleas of Berks County,
Civil Division, No(s): 914127

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　**FILED JULY 10, 2017**

David R. Hoffman ("Hoffman") appeals from the Order dismissing his Complaint, which he had filed against Luke L. Hoffman, Marquee LLC, Jennifer M. Dubble, Homesale Real Estate Services, Inc., d/b/a Prudential Landis Homesale Services.  Hoffman purportedly settled against all defendants except Luke L. Hoffman and Marquee, LLC (collectively, "Defendants").  We affirm.

In its Opinion, the trial court set forth the relevant history underlying the instant appeal as follows:

> [Hoffman] filed an appeal from the Magisterial District Court on October 30, 2009.  On November 23, 2009, [Hoffman] filed a [Civil] [C]omplaint against [D]efendants.  The counts against these [D]efendants were breach of contract, unjust enrichment, negligent misrepresentation, and fraud [arising out of Hoffman's purchase of residential property ("the Property")].

On April 6, 2010, [D]efendant[s] filed an [A]nswer to the [C]omplaint and [N]ew [M]atter[,] with [N]otice to plead addressed to [Hoffman]. The last documents filed in the instant case were by [D]efendants' attorney on October 18, 2010. These were a proof of service of [D]efendants' [R]esponse to [Hoffman's] request for production of documents and a proof of service of [A]nswers to [Hoffman's] interrogatories.

On August 20, 2012, the Berks County Prothonotary filed a [N]otice of the proposed termination of the instant case. [Hoffman] filed a [S]tatement of [I]ntention to [P]roceed on October 5, 2012. Nothing else was filed until the Prothonotary[,] on August 7, 2014, again filed a [N]otice of proposed termination. Nothing was filed for the next two years.[1] On June 10, 2016, the Prothonotary filed a third [S]tatement of proposed termination. [Hoffman] … filed a [S]tatement of [I]ntention to [P]roceed.

In response to [Hoffman's] … filing of a [S]tatement of [I]ntention to [P]roceed, four years after the first such document, [the trial] court scheduled a status conference and a [R]ule to [S]how [C]ause why this case should not be dismissed for a lack of due diligence in proceeding with the case on August 26, 2016.

Between the date of [Hoffman's] [N]otice of [I]ntention to [P]roceed and the status conference, [Hoffman] did nothing in this case. Defendants' attorney did not appear for the status conference because he had not received notice of the conference. [Hoffman's] counsel appeared and notified [the trial] court that [Hoffman] had settled with [with all parties except Defendants,] because he had deemed them to have little liability. [Hoffman] now wanted to list the case for arbitration. [Hoffman admitted that he had not discussed this case with opposing counsel until [Defendants'] counsel had sent him a letter [] two weeks before the conference. Due to the lack of notice to [D]efendants' counsel, and [Hoffman's] contention that he wanted to list the case for arbitration, [the] court continued the case to October 28, 2016[,] for a settlement conference.

---

[1] On April 23, 2014, the termination of the case was suspended by Order of the Pennsylvania Supreme Court, upon the promulgation of Pa.R.C.P. 230.2 (governing the termination of inactive cases).

Both counsel appeared at the settlement conference. [Defendants'] counsel contended that [Hoffman's] lack of action was "offensive." [Hoffman's] counsel thought that he had filed a praecipe to end, discontinue, and settle against the other defendants, but he had not. [Hoffman's] counsel asked defense counsel for the supplemental discovery of permits[,] but [Hoffman] had already received them at an early deposition.

Defendants['] counsel asked for the case at bar to be dismissed. He contended that [Defendants were] in the difficult position of defending an action seven years after it had been filed against [them,] and that he was prejudiced by the delay. [The trial] court granted his [M]otion.

[Hoffman] appealed this Order. The [trial c]ourt directed [Hoffman] to file a Concise Statement of Errors Complained of on Appeal. [Hoffman complied with the directive.]

Trial Court Opinion, 1/25/17, at 1-3 (footnote added).

Hoffman presents the following claim for our review:

1. Whether the trial court abused its discretion and committed an error of law in dismissing this action with prejudice, in violation of Pa.R.C.P. 230.2 and Pa.R.J.A. 1901?

2. Whether the trial court abused its discretion and committed an error of law in dismissing this action with prejudice, based on an oral motion without conducting an evidentiary hearing, and without written notice or an opportunity to provide a written answer and brief and without any presentation or proof of how Defendants have been prejudiced in this matter?

Brief of Appellant at 2 (some capitalization omitted).

Before addressing Hoffman's claims of error, however, we first must determine whether Hoffman has preserved any issues for our review. Rule 3051 addresses relief from the entry of a judgment of *non pros*, and provides, in pertinent part, as follows:

- 3 -

**(a)** Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

…

**(c)** If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that

…

**(3)** the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

**(i)** there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

**(ii)** the plaintiff has failed to show a compelling reason for the delay, and

**(iii)** the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(a), (c)(3).

The failure to file a petition to open or strike a judgment of *non pros* results in the waiver of all claims on appeal. ***Krell v. Silver***, 817 A.2d 1097, 1101 (Pa. Super. 2003). Our review of the record discloses that Hoffman did not file a petition for relief from the entry of the judgment of *non pros*, as required by Pa.R.C.P. 3051. Accordingly, Hoffman preserved no issues

- 4 -

for appellate review.[2]  ***See id.***; ***see***, ***contra***, ***Estate of Denmark v. Williams***, 117 A.3d 300, 304 (Pa. Super. 2015) (not deeming issues waived for failing to file a petition to open, where the trial court's order was not a *non pros*, as the order did not end the suit for failure to prosecute or as a discovery sanction).  We therefore affirm the Order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017

---

[2] The trial court's entry of an Order dismissing Hoffman's case with prejudice, rather than a "judgment of *non pros*," does not alter our conclusion.  The trial court dismissed Hoffman's case for "failing to proceed with reasonable promptitude," finding "no compelling reason for the four-year delay," and "actual prejudice" to Defendants.  ***See*** Trial Court Order, 10/31/16.  Further, the issues raised in Hoffman's Concise Statement of errors complained of on appeal, and presented in this appeal, challenge the trial court's application of Pa.R.C.P. 230.2, which pertains to the entry of a judgment of *non pros*.  Thus, Hoffman was well aware that the trial court's Order constituted a judgment of *non pros*, requiring compliance with Pa.R.C.P. 3051.

- 5 -