J-A04019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HAL H. HARRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. SULLIVAN | : | No. 2437 EDA 2022 |

Appeal from the Order Entered August 22, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
001183-CV-2022

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 16, 2024**

Hal H. Harris appeals *pro se* from the order sustaining William J.
Sullivan's preliminary objections in the form of a demurrer and dismissing his
amended complaint asserting defamation by Sullivan. We reverse and
remand.

Harris instituted this suit in March 2022, and in an amended complaint
he averred as follows. On March 3, 2021, Harris went to a CVS to return an
unopened electronic toothbrush that he had purchased previously. Amended
Complaint, 5/31/22, at ¶ 5. The amended complaint averred:

> 6. While [Harris] was at the front checkout counter having
> a discussion with a cashier and shift manager, both of whom
> are Caucasian women, about their refusal to refund [Harris]
> for The Toothbrush due allegedly to a decline return receipt
> generated by The Retail Equation ("hereinafter TRE"),
> [Sullivan] who was standing more than thirty (30) feet away

_____

[*] Retired Senior Judge assigned to the Superior Court.

and not known to [Harris] stated loudly, multiple times, "HE'S A CHILD RAPIST" referring to [Harris].

7. [Sullivan's] untrue defamatory statement towards/about [Harris] were heard and understood by numerous people including various CVS customers to be identified during discovery and at least three (3) female CVS employees including 1) Mindy Binder and 2) Elizabeth Wilson that were interacting with [Harris] at the checkout counter.

8. [Sullivan's] untrue defamatory statement towards/about [Harris] caused some people who heard them to react negatively [to Harris], including but not limited to various CVS customers making negative grunts towards [Harris] and the CVS shift manager, Ms. Mindy Binder, being dismissive towards [Harris], calling the police and later, after [Harris] took [a] picture of the glass case, asking [Harris] to leave CVS #3998.

9. [Sullivan's] d]efamatory statement w[as] made intentionally and maliciously to cast [Harris] as a pedophile and criminal and to deliberately expose [Harris] to instant hatred, contempt, and obloquy by all those who heard [Sullivan's] untrue defamatory statement.

10. [Harris] responded to [Sullivan's] defamatory statement by turning and saying "F**k You" to [Sullivan]. [Sullivan] then stated, "He's A Child Rapist – Call The Police." The CVS #3998 shift manager called the police.

*Id.* at ¶¶ 6-10.

Sullivan allegedly made a second defamatory statement when he told CVS employees that Harris threatened Sullivan by saying, "[D]o you want to catch a bullet[?]" *Id.* at ¶ 15 (emphasis omitted). Harris alleged that because of this statement, the CVS employees called the police and Harris was arrested for making a terroristic threat. *Id.* at ¶¶ 16-18. The amended complaint further averred that Sullivan's statements were not privileged and that Sullivan knew or should have known these his statements were not true. *Id.*

at ¶ 25. The amended complaint alleged that Harris suffered special harms, including instant shame and loss of reputation, as well as economic losses. *Id.* at ¶¶ 26, 29, 33. Harris attached to the amended complaint a copy of the transcript of the preliminary hearing in Harris's criminal case stemming from this incident.

Sullivan filed preliminary objections in the nature of a demurrer to the amended complaint. On August 22, 2022, the court sustained the preliminary objections and dismissed Harris's amended complaint with prejudice. This appeal followed.

Harris raises a single issue:

> Did [the trial court] err by dismissing [the] case despite [the] fact the [amended complaint] sufficiently pled facts and addressed all seven (7) elements, for a defamation claim to be sustained against [Sullivan]?

Harris's Br. at 2

Harris argues that he sufficiently pleaded a cause of action for defamation against Sullivan. He asserts that the trial court erred in failing to accept the allegations of the amended complaint as true and by engaging in improper fact-finding.

Our standard of review from an order sustaining a preliminary objection in the nature of a demurrer is as follows:

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

- 3 -

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Estate of Denmark ex rel. Hurst v. Williams*, 117 A.3d 300, 305 (Pa.Super. 2015) (citation omitted) (alteration in original). Our scope of review is limited to the averments in the complaint together with the attached documents and exhibits. *See Hill v. Ofalt*, 85 A.3d 540, 547 (Pa.Super. 2014).

"A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Constantakis v. Bryan Advisory Servs., LLC*, 275 A.3d 998, 1023 (Pa.Super. 2022) (citation omitted). A plaintiff pursuing a claim for defamation must prove the following elements:

> (1) The defamatory character of the communication.
>
> (2) Its publication by the defendant.
>
> (3) Its application to the plaintiff.
>
> (4) The understanding by the recipient of its defamatory meaning.
>
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343.

"Whether a communication can be construed to have a defamatory meaning is a question of law for the court to determine." ***Cashdollar v. Mercy Hosp. of Pittsburgh***, 595 A.2d 70, 75 (Pa.Super. 1991). A court should not sustain a preliminary objection in the nature of a demurrer in a defamation case unless it is clear that the communication is incapable of defamatory meaning. ***See Gordon v. Lancaster Osteopathic Hosp. Ass'n Inc.***, 489 A.2d 1364, 1368 (Pa.Super. 1985). "[S]tatements which are merely annoying or embarrassing or 'no more than rhetorical hyperbole' or 'a vigorous epithet' are not defamatory," and "[a] certain amount of vulgar name-calling is tolerated, on the theory that it will necessarily be understood to amount to nothing more." ***Kryeski v. Schott Glass Techs., Inc.***, 626 A.2d 595, 601 (Pa.Super. 1993) (citations omitted).

However, "defamation *per se* occurs when the statement ascribes to the plaintiff any of the following: commission of a criminal offense, a loathsome disease, serious sexual misconduct, or conduct or characteristics that adversely affect the plaintiff's fitness to properly conduct his profession, trade or business." ***Krolczyk v. Goddard Sys., Inc.***, 164 A.3d 521, 531 (Pa.Super. 2017) (citing Restatement (Second) of Torts § 570). A plaintiff need not prove special damages if the statement is defamation *per se*. ***See Meyers v. Certified Guar. Co., LLC***, 221 A.3d 662, 673 (Pa.Super. 2019).

"[W]hen determining whether a communication is defamatory, the court will consider what effect the statement would have on the minds of the average persons among whom the statement would circulate." *Constantakis*, 275 A.3d at 1023 (citation omitted) (alteration in original). "If the court has any doubt that the communication is defamatory, then the issue must be given to the jury for them to determine whether the defamatory meaning was understood by the recipient." *Gordon*, 489 A.2d at 1368.

Here, the trial court noted that there were two allegedly defamatory statements averred: (1) "child rapist," and (2) "do you want to catch a bullet." Trial Court Opinion, filed 8/22/22, at 5. As to the "child rapist" statement, the court found that Harris failed to properly plead a cause of action as to this statement. *Id.* at 6. It observed that there was "no allegation that [Sullivan] included [Harris's] name in the statement or that he made some gesture or pointed at [Harris] to emphasize who amongst the people in the store the comment was directed." *Id.* at 5. Instead, the court found that Harris himself took ownership of the statement based upon the preliminary hearing testimony:

> [Harris]: When you called me the child rapist multiple times, did I not say, oh, acquitted of all those counts?
>
> [Sullivan]: Yes, you did.

*Id.* (citing Am. Compl., Exh. A at p. 35).

The court observed that "[i]nstead of ignoring another customer in the store, [Harris] assumed the statement made was about him and admitted so

to the other people around him." *Id.* Therefore, it found that "[Harris's] admitted ownership of the defamatory statement made it understood by the bystanders as applying to himself, not the alleged actions of [Sullivan]." *Id.* at 5-6.

As to the "do you want to catch a bullet" statement, the court found that Harris pleaded a cause of action for defamation as to this statement because the amended complaint alleged that this statement was "was false and made for the improper purpose of having [Harris] arrested." *Id.* at 7. However, the court found that Harris failed to properly plead causation, *i.e.*, how his arrest and damages were solely caused by Sullivan's alleged defamatory statement and not by his own actions. *Id.* at 8. The court referenced the testimony attached to Harris's amended complaint that showed that a verbal altercation took place between Harris and the CVS employees, which included the use of inappropriate language and yelling at CVS employees – all before the alleged statement of "do you want to catch a bullet" was made. *Id.* at 7-8. Therefore, the court maintained that the statement was not the cause of Harris's arrest.

Upon review, we find the court committed reversible error by sustaining the demurrer. Giving Harris the benefit of all reasonable inferences from the facts alleged in his amended complaint, as we must do at this stage, the amended complaint alleges sufficient facts to establish all the elements of defamation as to the "child rapist" statement. Harris alleged publication of a statement that not only is capable of defamatory meaning, but may also be interpreted as defamatory *per se*. Further, the court's conclusion that there

- 7 -

was no allegation that Sullivan identified whom the "child rapist" comment was directed towards is contradicted by the facts averred in the amended complaint. The amended complaint plainly states that Sullivan was referring to Harris when he made that comment. *See* Am. Compl. at ¶ 6. Harris's additional assertions allege facts that are sufficient to establish the remaining elements of defamation, including that recipients of the statements would recognize their defamatory meaning and their application to Harris, and the existence of special harm. Thus, the amended complaint states a defamation cause of action against Sullivan as to the "child rapist" statement sufficient to survive a demurrer.

As to the "do you want to catch a bullet" statement, we likewise conclude that the amended complaint states a defamation cause of action sufficient to survive a demurrer. Although the court found that Harris failed to properly plead causation as to this statement, the amended complaint plainly alleges that this statement caused the CVS employees to call the police resulting in his arrest. *See* Am. Compl. at ¶¶ 15-18. The court improperly engaged in fact-finding when it concluded that causation was not established at this stage of the proceedings. Accordingly, we reverse and remand.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/16/2024