Commonwealth, Appellant, *v.* Kirk.

Argued September 15, 1971. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*William Morrow,* Assistant District Attorney, with
him *Stewart J. Greenleaf,* Assistant District Attorney,
*William T. Nicholas,* First Assistant District Attorney,
and *Milton O. Moss,* District Attorney, for Common-
wealth, appellant.

*Daniel C. Barrish,* Assistant Public Defender, for
appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal by the Commonwealth from the
order of the lower court quashing with prejudice two
indictments against appellee.

The facts in the case have been set out fully by the
lower court:

"Between May 14 and May 22, 1969, the defendant
allegedly uttered or attempted to utter several forged

instruments at various Montgomery County banks. On May 23, 1969, a criminal complaint was filed before District Justice George Knoell for the charges arising in Whitpain Township.

"Defendant was arrested on May 29, 1969, in Philadelphia for criminal charges in that county. Subsequently a detainer from Montgomery County was filed with the Philadelphia prison authorities.

"On June 8, 1969, a criminal complaint on the remaining Montgomery County charges was filed before District Justice Elaine Adams.

"On August 19, 1969, Kirk was sentenced to serve two and one-half to five years by a Philadelphia County court for a probation violation.

"Starting on September 23, 1969, defendant's former counsel wrote to and called the Montgomery County district Attorney's office, to inquire about the trial status of the said pending charges. District Attorney Milton O. Moss replied to one such inquiry, suggesting that counsel 'investigate further as to the origin of the charges in the county.'

"On December 10, 1969, in a Bucks County proceeding, the defendant was sentenced to a one and one-half to five-year prison term for burglary and a two-year and two-month term for drawing a forged instrument. The above two sentences were order to run concurrently with the Philadelphia incarceration.

"Finally, Kirk was sentenced to one and one-half to five years for prison breach on June 24, 1970, in a Philadelphia County proceeding. This sentence was also to be served concurrently with those mentioned above.

"On July 13, 1970, defendant began a series of letters to the district attorney's office and to Justice Knoell, asking that he be brought to trial.

"Almost two years after his alleged commission of the Montgomery County crimes, the defendant on March 11, 1971, was given a preliminary hearing before Dis-

trict Justice Adams. Kirk then filed a petition for writ of habeas corpus alleging that he did not receive a speedy trial. This was subsequently denied. However, on our own motion, we issued a rule on the Commonwealth to show cause why the indictments should not be quashed for failure to grant a speedy trial [if he was in fact indicted]. Defendant was subsequently indicted on April 23, 1971."

Based on the above, the lower court found as follows:

"Since September 29, 1969, both Kirk and his counsel made repeated attempts to secure a swift adjudication of the Montgomery County charges by contacting the proper authorities. We find that the Commonwealth did not act promptly or reasonably in this matter. Almost twenty-two months had elapsed from the commission of the alleged crimes to the date of the preliminary hearing. During that time Kirk was (and is now) a prisoner of the Commonwealth. The authorities' failure to bring him to trial for so long a period of time constituted an impairment of the ability of the accused in providing a defense to the charges. Pertinent details of the accused's defense and the names of witnesses may be forgotten after almost a two-year period.

"By reason of the failure to indict and try the defendant within a reasonable time, the defendant has lost his opportunity to serve sentences on our local charges concurrently with those he is presently serving, thereby creating 'undue and oppressive incarceration'. For twenty-two months the Commonwealth failed to try a prisoner in its custody, through no fault of the prisoner. Such a prolonged delay is of itself inherently unfair, and, as such, a deprivation of the speedy justice, constitutionally guaranteed to all charged with crime."

The action of the lower court in quashing the indictments against the appellee can be upheld on two separate and distinct grounds.

First, Rule 316 of the Pennsylvania Rules of Criminal Procedure provides in relevant part that "Upon application and a showing that an indictment has not been found against a defendant within a reasonable time or that he has not been brought to trial within a reasonable time after indictment, the court may order dismissal of the prosecution or, in lieu thereof, make such other order as shall be appropriate in the interests of justice." The power of a trial judge to order dismissal under Rule 316 is discretionary in nature, and accordingly will not be reversed except when the trial judge abuses his discretion. *Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A. 2d 430 (1968). Here, there is no showing that the trial court did abuse its discretion.

Second, appellee was denied his constitutional right to a speedy trial. In *Commonwealth v. Bunter*, 445 Pa. 413, 282 A. 2d 705 (1971) our Supreme Court stated that "it is constitutionally unacceptable for the Commonwealth to formally accuse the defendant of murder by filing the detainer and then without good cause take no action for eighteen months." 445 Pa. at 423, 282 A. 2d at 710. Likewise, in the instant case, the appellee was subject to a detainer for over 20 months without his even being indicted. This was completely without justification. The pretrial prejudice to appellee, as found by the trial court, is sufficient by itself to warrant the quashing of the indictments against appellee. Our Supreme Court has stated in *Commonwealth v. Bunter*, supra, that "the remedy for denial of speedy trial is dismissal of the charges" prior to trial. 445 Pa. at 424, 282 A. 2d at 710. This is in accord with the statement of the United States Supreme Court in *Smith v. Hoey*, 393 U.S. 374, 377, (1969) that the constitutional guarantee to a speedy trial "has universally been thought essential to protect at least three basic demands of criminal justice in the

120

Anglo-American legal system: '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilites that long delay will impair the ability of an accused to defend himself." In discussing the pretrial prejudice the Court in *Smith v. Hoey,* explicitly stated that a defendant is constitutionally prejudiced if he is incarcerated prior to trial on a separate charge because "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial on the pending charge is postponed." 393 U.S. at 378.

The order of the lower court is affirmed.