**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Steven Gregory TOTARO, Appellee.**

**No. 2133 MDA 2013.**

Superior Court of Pennsylvania.

Argued July 30, 2014.

Filed Dec. 3, 2014.

Stephanie E. Lombardo, Assistant District Attorney, York, for Commonwealth, appellant.

Edward F. Spreha, Jr., Harrisburg, for appellee.

BEFORE: PANELLA, SHOGAN and FITZGERALD *, JJ.

OPINION BY SHOGAN, J.:

Appellant, the Commonwealth of Pennsylvania, appeals from the October 24, 2013 York County Court of Common Pleas order that dismissed a charge of possession with intent to deliver ("PWID") filed

at Docket Number CP–67–CR–0005613–2013 and denied the Commonwealth's motion to consolidate that case with charges pending at Docket Number CP–67–CR–0002278–2012. We affirm.

■ The trial court summarized the facts and procedural history as follows:

On February 18, 2012, Trooper Albert Miles, of the Pennsylvania State Police in York, received a call about an erratic driver on State Route 83. *See* N.T. Pre Trial, 10/24/2013 at 28:3–5. [Pennsylvania State] Trooper [Albert] Miles stopped Appellee's vehicle and explained his reasoning for the stop. *Id.* at 28:7–9. Trooper Miles observed the Appellee exhibit nervous shaking bodily movements, slurred and stuttering speech, as well as, dilated pupils. *Id.* at 28:10–14. Based on those observations, combined with a report of erratic driving, a drug recognition expert evaluated [A]ppellee and subsequently Appellee was placed under arrest for driving under the influence of a controlled substance. *Id.* at 28–15–19. Upon Appellee's arrest, Trooper Miles seized 609 light blue tablets, which he then submitted to the State Police Laboratory on March 8, 2012. *Id.* at 29 11–15. The lab report was completed on April 12, 2012. *Id.* at 18:25, 19:1. The State Police Lab identified the pills as a Schedule IV drug containing diazepam, [Valium], which Appellee was not authorized to possess. *Id.* at 29:15:18. The matter was bound over at the District Justice level in March of 2012. *Id.*[1]

From this point on the procedural history followed a tortured path, to say the

---

* Former Justice specially assigned to the Superior Court.

1. The information filed on April 26, 2012, charged Appellee with one count of driving under the influence of a controlled substance, third offense, a misdemeanor, and one count each of the following summary offenses: following too closely, careless driving, and possession of fireworks.

least. On July 3rd, 2012, the DUI case at docket number CP–67–CR–0002278–2012 was listed for a pretrial conference. *Id.* at 31:22. This case was then listed on the trial list on the following dates, September 2, 2012; January 7, 2013: and January 13, 2013. *Id.* Subsequently it was scheduled for a pre-trial hearing on January 29, 2013 and later appeared on the trial list, yet again, on March 4, 2013, April 1, 2013 and April 11, 2013. *Id.* In April of 2013, the Commonwealth discovered the report from the State Police Laboratory which identified the pills as a Schedule IV drug, and on April 15, 2013 the Commonwealth filed a motion for leave to amend the information, in order to add a charge of Possession with intent to deliver (PWID). *Id.* at 31:11–19. This Court denied the Commonwealth's request to amend the charges [on April 19, 2013,] due to prejudice on the part of the Appellee.

Subsequently[, on May 14, 2013,] the Commonwealth requested to *nolle pros* [ [2] ] the charges under docket number CP–67–CR–0002278–2012, without prejudice, in order to re-charge the previous charges and include an additional charge of PWID. *Id.* at 5 3–6. This Court denied this request [on May 24, 2013,] because we felt that the Commonwealth was trying to circumvent our previous Order denying their request to amend the information.

In response to our denial of a request to *nolle pros* the charges in CP–67–CR–14, 0002278–2012, the Commonwealth filed a new complaint [on June 27, 2013, and information on September 9, 2013,] docketed at CP–67–CR–0005613–2013, containing the PWID charge, and then filed a motion to consolidate with docket number CP–67–CR–0002278–2012 [on October 17, 2013]. *Id.* at 33:20–22. This Court denied the motion to consolidate [on October 24, 2013], and in the interest of justice, this court granted [Appellee's October 2, 2013] motion to dismiss case number CP–67–CR–0005613–2013 [also on October 24, 2013]. *Id.* at 34:1–6. This timely appeal followed [on November 22, 2013].

Trial Court Opinion, 2/4/14, at 1–3.[3] Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.

The Commonwealth raises the identical two issues it asserted in its Rule 1925(b) statement, as follows:

1. Whether the trial court erred in granting [Appellee's] motion to dismiss case 5613–2013?

2. Whether the trial court erred in denying the Commonwealth's Motion for Consolidation?

Appellant's Brief at 4. We have renumbered the issues for purposes of clarity.

---

**2.** "A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit revival of proceedings on the original bill or information." *Commonwealth v. Rega,* 856 A.2d 1242, 1245 (Pa.Super.2004) (quoting *Commonwealth v. Whiting,* 509 Pa. 20, 500 A.2d 806, 807 (1985)). The grant of a petition for nolle prosequi lies within the sound discretion of the trial court. *Rega,* 856 A.2d at 1244.

**3.** The Commonwealth may appeal an interlocutory order when it provides a certification with its notice of appeal that the order terminates or substantially handicaps the prosecution. *Commonwealth v. Whitlock,* 69 A.3d 635, 636 n. 2 (Pa.Super.2013) (citing Pa. R.A.P. 311(d)). The Commonwealth certified that the order on appeal terminates or substantially handicaps the prosecution, pursuant to Pa.R.A.P. 311(d). We are not permitted to inquire into the Commonwealth's good-faith certification; thus, the appeal properly is before us. *Commonwealth v. Moser,* 999 A.2d 602, 605 n. 2 (Pa.Super.2010).

■ We first address the trial court's grant of Appellee's motion to dismiss. "The decision to grant a pretrial motion to dismiss a criminal charge is vested in the sound discretion of the trial court and may be overturned only upon a showing of abuse of discretion or error of law." *Commonwealth v. King*, 932 A.2d 948, 951 (Pa.Super.2007) (citing *Commonwealth v. Free*, 902 A.2d 565, 567–568 (Pa.Super.2006)) (quoting *Commonwealth v. Moore*, 756 A.2d 64, 65 (Pa.Super.2000)).

Here, the Commonwealth makes no relevant argument on this issue, and instead, continues to focus solely on the trial court's refusal to consolidate the two cases. The trial court explained the basis for its decision to grant Appellee's motion to dismiss the information docketed at CP–67–CR–0005613–2013 as follows:

> On October 2, 2013, Appellee filed a Motion to Dismiss case number CP–67–CR–0005613–2013. The complaint for case number 5613, 2013 was filed on June 27, 2013[,] which charged Appellee with "manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, 35 PS § 780–113(a)(30) as a result of an incident that occurred on February 18, 2012 in York County, Pennsylvania." Appellee's Motion to Dismiss, October 2, 2013 at 1. From that same incident, the Commonwealth also charged Appellee with driving under the influence of a controlled substance, possession of fireworks, and other related summary offenses; however, the Commonwealth filed these charges on February 19, 2012, at docket number CP–67–CR–0002278–2012. *See Id.* "The facts surrounding both criminal informations involve a stop of the Appellee's vehicle where he was suspected of driving under the influence of a controlled substance." *Id.* On March 8, 2012, Trooper Miles submitted the 609 seized pills to the Pennsylvania State Police Crime Lab for analysis. *See* N.T. Pretrial Conference at 21:21. On April 12, 2012, a report identifying the pills as containing [d]iazepam (a Schedule–IV Drug) was complete and a copy of the report was sent to Trooper Albert Miles, III. *See Id.* at 21:20–23.

Appellee claims that the Commonwealth has violated Rule 587 by failing to file an information within a reasonable time, thereby resulting in substantial prejudice to Appellee. Rule 587 states: "Upon motion and a Showing that an information has not been filed within a reasonable time, the court may order dismissal of the prosecution, or in lieu thereof, make such other order as shall be appropriate in the interest of justice." 234 Pa.Code § 587.

We believe the Commonwealth has failed to show due diligence in carrying out their responsibility to charge the Appellee in a reasonable time for PWID. This failure has caused the Appellee to waste over 12 months of precious trial preparation, where he believed he would be defending a Driving Under the Influence of Marijuana charge. On the eleventh hour, the Commonwealth has thrown a curveball at the Appellee, charging him with a completely different and very serious crime, over 12 months after the initial complaint was filed, which we find is unduly prejudicial to the Appellee. This prejudice was further exemplified in the pre-trial transcript of October 24, 2013 when the Commonwealth indicated that they were going to be arguing that the defendant was under the influence of diazepam at the time of the incident. *See* N.T. Pretrial, October 24, 2013 at 25. Appellee's counsel argued that all of the DUI reports, up until the present day, indicated that the Appellee was believed to be under the influence of cannabis and now

the argument has changed to being under the influence of diazepam, which is a completely different drug and requires completely different argument that has to be presented regarding conditions present with regard to those two substances. *See Id.* at 25–26. Further, the Appellee testified that, since he has been subject to continued litigation, he has been unable to accept employment in his current field due to his inability to acquire security clearance with pending charges, which is now going on 2 years. *Id.* at 8–14.

In response to the delay in charging the Appellee with PWID, the Commonwealth has stated "the fact that these pills were not marked caused a delay in us figuring out that it was a controlled substance . . . and we were not aware of the lab report until April of 2013." *Id.* at 18:11–17. As noted above, the DUI case had appeared on the trial list seven times before the Commonwealth sought to amend the informations and had been scheduled for a pre-trial conference once prior to the attempted amendment. This Court does not see any merit in the Commonwealth's excuse for not charging the Appellee with PWID sooner than they did. The Commonwealth claims they experienced difficulty in identifying what the pills were because of the lack of identifiable markings. We did not find this argument persuasive, since all they had to do was look at the lab report, which was complete two months after Appellee's arrest. This Court believes that the time gap between the arrest and the filing of PWID charge against Appellee was an unreasonable amount of time which resulted from the

Commonwealth's lack of due diligence in carrying out their duties. As such, Appellee was unduly prejudiced by the delay and we believed dismissal of the PWID charge was in the interest of justice and therefore appropriate.

Trial Court Opinion, 2/4/14, at 6–9 (emphasis in original).

As noted, we evaluate whether the trial court abused its discretion in dismissing the PWID charge, which the Commonwealth filed more than a year after the incident and the preparation of the laboratory report. *King,* 932 A.2d at 951. The Commonwealth relies on *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984), a case addressing the propriety of consolidation of separate criminal complaints, not the pretrial dismissal of charges. In addition to its irrelevance to dismissal of charges pursuant to Pa. R.Crim.P. 587, which was the rule utilized by the trial court herein, the separate complaints in *Whiteman* were impliedly filed within days of each other, not months as in the instant case. Indeed, the basis for the subsequent charge in *Whiteman,* receiving stolen property, was discovered while the defendant was at the police station on the original DUI charges. Clearly, there was no issue of delay in that case.

More to the point, however, is the Commonwealth's complete failure to respond to the instant trial court's cited basis for dismissal of the PWID charge, *i.e.,* unreasonable delay by the Commonwealth in bringing the charge and the resultant prejudice to Appellee. The trial court relied upon Pa.R.Crim.P. 587,[4] which provides, in pertinent part, as follows:

**Rule 587. Motion for Dismissal**

**(A) Untimely Filing of Information**

---

4. The precursor to Rule 587 was Pa.R.Crim.P. 316. Pa.R.Crim.P. 316 was adopted June 30, 1964, and became effective January 1, 1965. It was renumbered Rule 315 and amended June 29, 1977, and November 22, 1977, effec-

tive as to cases in which the indictment or information was filed on or after January 1, 1978. It was renumbered Rule 587 and amended March 1, 2000, effective April 1, 2001.

(1) Upon motion and a showing that an information has not been filed within a reasonable time, the court may order dismissal of the prosecution, or in lieu thereof, make such other order as shall be appropriate in the interests of justice.

Pa.R.Crim.P. 587(A)(1).

There is very little pertinent case law addressing application of this rule as it pertains to the instant case, where the trial court made a finding that under the circumstances, the information charging PWID was not filed within a reasonable time. Trial Court Opinion, 2/4/14, at 7 ("We believe the Commonwealth has failed to show due diligence in carrying out [its] responsibility to charge the Appellee in a reasonable time for PWID.")

In *Commonwealth v. Snyder*, 385 Pa.Super. 58, 560 A.2d 165 (1989), the Commonwealth filed a complaint against the defendant on June 24, 1984, charging driving under the influence of alcohol, among other crimes. Eight months later, the Commonwealth filed a second criminal complaint charging the defendant with driving with a blood alcohol content greater than 0.10 percent. The trial judge refused to dismiss the second complaint on the basis of delay and consolidated both complaints for trial. On appeal, we upheld the trial court's action "under the circumstances presented," despite the fact that the trial "court found that the Commonwealth was 'pushing its luck' in filing an information eight months after arrest" because "there was no real prejudice" to the defendant. *Id.* at 167, 173. Of particular note in *Snyder* is the notion that dismissal under the rule "lies within the [trial] court's discretion." *Id.* at 173 (citing *Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A.2d 430 (1968)). As we observed in *Snyder*,

> [al]though the subject matter of the past and present rules differ in some respects, the language regarding the discretionary power of the court to dismiss

a prosecution remains the same. Thus, we regard those cases on the court's discretionary power to dismiss under former Rule 316(a) as binding precedent on issues of the scope of that same power in current Rule 315(a).

*Id.* at 173 n. 6. Similarly, the language regarding the discretionary power of the court to dismiss a prosecution remains the same under Rule 587. Therefore, we view the cases under former Rule 315 as binding precedent, as well.

In *Commonwealth v. Kirk*, 220 Pa.Super. 115, 283 A.2d 712 (1971), we upheld the trial court's order quashing two indictments with prejudice, finding no abuse of discretion by the trial court in light of the resultant prejudice to the defendant as found by the lower court. There, a criminal complaint was filed on May 23, 1969, based on the defendant's attempt to "utter several forged instruments" at various local banks in Montgomery County in the prior week. A week later, the defendant was arrested for criminal charges in Philadelphia, and again later, on charges in Bucks County. Twenty-two months after the alleged commission of the Montgomery County crimes, the defendant had a preliminary hearing on the Montgomery County charges. In quashing the indictments on the basis of delay, the trial court determined that the delay therein:

> constituted an impairment of the ability of the accused in providing a defense to the charges. Pertinent details of the accused's defense and the names of witnesses may be forgotten after almost a two-year period.
>
> ... Such a prolonged delay is of itself inherently unfair....

*Kirk*, 220 Pa.Super. 115, 283 A.2d 712. This Court, in affirming, looked to the discretionary nature of former Pa.R.Crim.P. 316 and concluded that there was no showing that the trial court abused its discretion. *Id.* at 713.

In the present case, the trial court determined that the Commonwealth failed to show due diligence in carrying out its responsibility to charge Appellee with PWID in a reasonable time, and that failure caused Appellee to waste more than a year of trial preparation because he believed he would be defending a DUI charge. On the eleventh hour, the Commonwealth charged Appellee with a different, more serious crime more than a year after the initial complaint was filed. The trial court determined such action was unduly prejudicial to Appellee as evidenced by the Commonwealth's indication that it would argue that Appellee was under the influence of diazepam at the time of the incident. N.T., 8/28/13, at 2.

At the October 24, 2013 hearing, the trial court stated:

We note that the matter actually had been listed for a pre-trial conference on July 3rd, 2012, again on September 2nd, 2012, January 7th, 2013—actually, January 7th, 2013, it was on the trial list. It appeared again on the trial list on January 13th, 2013. It was scheduled for a pre-trial hearing on January 29th, 2013, and it again appeared on the trial list March 4th, 2013, April 1st, 2013, … [and] April 11th, 2013.

So it actually had appeared on the trial list seven times before the Commonwealth sought to amend the informations and had been scheduled for a pre-trial conference once prior to the amendment of the charges—or the attempt to amend the charges.

And again, the pre-trial conference is scheduled when the attorneys are supposed to take a look at the case, take a look at what the evidence is, and make a decision as to what the charges are going to be, what they are going to proceed with at trial, have a discussion with defense counsel as to what is going to occur.

Essentially what happened is the Commonwealth requested to amend the charges and we looked at what the Commonwealth wanted to amend the charges to. We felt that they included a totally different type of charge, totally different set of conduct, and was distinct and different from the driving under the influence.

\* \* \*

We do find that given the late filing of the charge, that it would be unduly prejudicial to permit the Commonwealth to file the new charge and there would be prejudice to [Appellee], and we find that it is not appropriate to let [it] file the new charge and now attempt to consolidate the cases, and we do believe that had [it] exercised due diligence, had [it] spoken to the Trooper—we note that the first pre-trial conference was actually scheduled … July 3, 2012. Had [the Commonwealth] actually spoken to the Trooper involved in the case, [the Commonwealth] certainly would have discovered the lack of report at that point or at least been made aware that the pills were in the vehicle.

Certainly when the matter was listed for trial, [the Commonwealth] should have at that point made contact with the Trooper. And it was listed for trial multiple times, and [the Commonwealth] never bothered to contact the Trooper to determine what evidence he would be presenting.

N.T., 10/24/13, at 21–23.

At that same hearing, the Commonwealth represented that it was not "aware" of the April 2012 laboratory report until April 2013. N.T., 10/24/13, at 18. The trial court, addressing the assistant district attorney, asked, "You are indicating when Trooper Miles submitted the evidence to the State Police sometime in 2012, that they never said to him, it's done, this is what it is?" The Commonwealth respond-

ed, "No," and the trial court retorted, "And he never bothered to check?" Again, the Commonwealth stated, "[T]hat's correct." *Id.* at 19.

We have noted the glaring and conspicuous absence of any argument by the Commonwealth assailing the trial court's exercise of the discretion afforded to it under Pa.R.Crim.P. 587. Further, in reliance upon the trial court's explanation for its reasons in dismissing the PWID charge due to the Commonwealth's unreasonable delay in filing the charge, and the trial court's identification and substantiated resultant prejudice to Appellee, we conclude that the trial court did not abuse its discretion in dismissing the PWID charges against Appellee. In light of the fact that we affirm the trial court's dismissal of the charge filed at Docket Number CP–67–CR–0005613–2013, the issue concerning its consolidation with charges pending at Docket Number CP–67–CR–0002278–2012 is moot and need not be addressed.

Order affirmed.

