J-S73040-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE CODY HACKWORTH | : | |
| | : | |
| Appellant | : | No. 946 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000253-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.: FILED DECEMBER 28, 2018

Appellant, Shane Cody Hackworth, appeals pro se from the order entered on June 11, 2018, dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the underlying facts of this case:

> On February 19, 2009, the Commonwealth filed a criminal information charging Appellant with possession with intent to deliver and related offenses. Appellant entered an open guilty plea to one count each of possession with intent to deliver and possession of drug paraphernalia on May 5, 2009. On July 9, 2009, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twelve nor more than twenty-four months. Appellant did not file a direct appeal.

Commonwealth v. Hackworth, 181 A.3d 1251 (Pa. Super. 2017) (unpublished memorandum) at 1-6.

On December 15, 2016, Appellant filed his first PCRA petition. The PCRA court dismissed the petition on March 10, 2017 and, on December 19, 2017, we affirmed the PCRA court's order. Id.

Appellant filed the current petition (his second) on April 16, 2018. Within this petition, Appellant declared that he was raising the following claims:

> 1) illegal search by probation officers under the 4th Amendment. . . .
>
> 2) within the 60 days after discovering new evidence (Com v Brandon 51 A3d 231[;] Com v Smith 35 A3d 766) Appellant was not charged in timely manner[. Pa.R.Crim.P.] 519, 587 (Com v Tuturo 106 A3d 120; Com v Kirk 283 A2d 712).

Appellant's Second PCRA Petition, 4/16/18, at 8.

On May 9, 2018, the PCRA court notified Appellant that it intended to dismiss his second PCRA petition without holding a hearing. PCRA Court Order, 5/9/18, at 1. The PCRA court finally dismissed Appellant's petition on June 11, 2018 and Appellant filed a timely notice of appeal. PCRA Court Order, 6/11/18, at 1. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." Commonwealth v. Eichinger, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

Commonwealth v. Lawson, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant's judgment of sentence became final in 2009. As Appellant did not file his current petition until April 16, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. See 42 Pa.C.S.A. § 9545(b)(1); Commonwealth v. Perrin, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant claims to invoke the "newly-discovered facts" exception to the time-bar. See Appellant's Second PCRA Petition, 4/16/18, at 8. The PCRA's newly-discovered facts exception permits the filing of a petition outside

of the one-year time-bar if the petitioner pleads and proves that the facts upon which the claim is predicated "were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has explained that the newly-discovered facts exception "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." Commonwealth v. Bennett, 930 A.2d 1264, 1271 (Pa. 2007) (internal quotations and citation omitted), quoting Commonwealth v. Lambert, 884 A.2d 848, 852 (Pa. 2005).

In the case at bar, Appellant has never explained what "facts" he newly discovered. See Appellant's Second PCRA Petition, 4/16/18, at 1-8; Appellant's Brief at 1-7. Therefore, Appellant failed to properly plead the PCRA's newly-discovered facts exception.

Since Appellant failed to plead a valid exception to the PCRA's one-year time-bar, Appellant's petition is time-barred. Thus, our "courts are without jurisdiction to offer [Appellant] any form of relief." Commonwealth v. Jackson, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/28/2018