J-S31032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GLENN WILLIAM MUMAU | : | |
| | : | |
| Appellant | : | No. 1622 WDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000014-2016

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 13, 2019**

Glenn William Mumau appeals from the order denying as meritless his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In August 2016, Mumau entered a *nolo contendere* plea to one count each of corrupt organizations, 18 Pa.C.S.A. § 911(b)(4), and operating a methamphetamine laboratory, 35 P.S. § 780-113.4(a)(1), and four counts of possession with intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30). In September 2016, the trial court sentenced Mumau to seven years and two months to 30 years in prison. Mumau filed a motion for reconsideration of sentence, which the trial court denied. He did not file a direct appeal.

In September 2017, Mumau filed a motion to reconsider sentence *nunc pro tunc*. The court initially did not treat this motion as a PCRA petition and

denied it. Mumau appealed and we remanded with instructions that the court treat it as a first PCRA petition.

On remand, the PCRA court appointed counsel, who filed a **Turner/Finley**[1] no merit letter and a petition to withdraw as counsel. The trial court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing and granted counsel's petition to withdraw. Mumau filed a *pro se* response. In October 2018, the PCRA court dismissed the petition as meritless, and Mumau filed this timely appeal.

Mumau raises the following issues:

> 1) Was [Mumau] not charged within a timely manner under Policy, Practices and Procedure as required by law, after the first alleged buy/sale on 10-27-2014, with Angie Salsgiver pursuant to Pa. R. Crim. P. 519-A and Pa. R. Crim. P. 587-A, therefore, denying [Mumau] due process rights under the 14th Amendment?
>
> 2) Was court appointed counsel and court appointed appellant [sic] counsel ineffective for failing to act in [Mumau's] best interest, was ineffective for failing to file pre-trial motions, post-trial motions, appeals or proper brief (abandonment) and for failing to request concurrent sentences pursuant to the Pennsylvania Merge Rules?
>
> 3) Was [Mumau] prejudiced because [Mumau's] co-defendant Angie Salsgiver received no prison time and [Mumau] received (7) years (2) months to (30) years, and more time than any other member of this investigation, for (11) sales of meth of (4) grams or less over a period of more than a year before arrest (18 Pa. C.S. 313), this practice was illegal under the Unified Judicial Sentencing Code created by the legislature?

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

4) Did the Jefferson County Courts abuse discretion and create a deliberate indifference, by acknowledging [Mumau's] prior military service, that [Mumau] has numerous health related issues after service in the military, that [Mumau] has no prior criminal record and alleged risk of [Mumau's] possible drug addiction to prescription medication (which no record of said addiction or addictive behavior exists), however, still sentenced [Mumau] to the top of the standard range?

Mumau's Br. at 3-4 (some capitalization, emphasis, and citations omitted).

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014).

To establish a counsel ineffectiveness claim, a petitioner must plead and prove that: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011).

**A. Failure to File Pre-Trial Motions**

Mumau first claims that he was not charged in a timely manner, in violation of the Due Process Clause of the Fourteenth Amendment. He argues that although the Office of the Attorney General of Pennsylvania ("OAG") began investigating this matter in January 2013, the OAG made no arrests and filed no criminal complaints until 2015, allegedly "in direct violation of the policy, practices and procedures" of the Pennsylvania Rules of Criminal Procedure. Mumau's Br. at 5. He asserts that he was not part of the

organization at issue from 2013 through 2015, and claims his trial counsel was ineffective for failing to file pre-trial motions, including a motion to suppress evidence, and that there was no evidence that would establish he was a member of the corrupt organization.

Mumau did not raise a claim of counsel ineffectiveness based on a failure to file a motion due to a prolonged investigation in his *pro se* petition, but did claim in response to the court's Rule 907 notice that his PCRA counsel was ineffective in regard to Mumau's claim regarding a prolonged investigation. We will therefore address whether Mumau's trial counsel was ineffective regarding a failure to file a motion to dismiss based on an untimely filing of the criminal complaint, and whether PCRA counsel was ineffective for failing to raise such a claim.

Pennsylvania Rule of Criminal Procedure 587 provides, in relevant part:

> (A) Untimely Filing of Information
>
> (1) Upon motion and a showing that an information has not been filed within a reasonable time, the court may order dismissal of the prosecution, or in lieu thereof, make such other order as shall be appropriate in the interests of justice.

Pa.R.Crim.P. 587(A). The trial court has discretion when addressing a motion to dismiss based on an untimely filing. *Commonwealth v. Totaro*, 106 A.3d 120, 123 (Pa.Super. 2014). Further, a defendant may succeed on a Due Process claim based on an improper delay in arrest only where the delay causes the defendant prejudice and the delay "was the product of intentional, bad faith, or reckless conduct by the prosecution." *Commonwealth v. Jette*,

818 A.2d 533, 536 (Pa.Super. 2003) (quoting **Commonwealth v. Scher**, 803 A.2d 1204, 1221 (Pa. 2002)).

Here, the Office of the Attorney General filed a criminal complaint in December 2015 following a grand jury investigation against Mumau alleging Mumau engaged in criminal conduct from January 2013 through November 2015. The dates included in the complaint as the dates of the sales of narcotics range from October 2014 through April 2015. Criminal Complaint, filed Dec. 4, 2015.

Mumau has failed to establish that there is anything about this timeline that is prejudicial to him, such that he would not be able to properly prepare a defense or that any delay was in bad faith. He therefore failed to establish that any motion to dismiss on this basis would have merit. **See Jette**, 818 A.2d at 536; **Totaro**, 106 A.3d at 127 (affirming trial court order dismissing PWID charge under Rule 587 where trial court found the Commonwealth unreasonably delayed charging PWID and the court "identified and substantiated resultant prejudice" to defendant). Because the underlying claim is meritless, any ineffective assistance of counsel claim for failing to file the motion to dismiss is meritless and any PCRA counsel ineffectiveness claim for failure to raise trial counsel ineffectiveness is meritless.

Mumau did not claim before the PCRA court that his counsel was ineffective for failing to file a motion to suppress or for failing to challenge the sufficiency of the evidence and he therefore waived the claims. Further, Mumau pled *nolo contendere* and makes no contention that his plea was

- 5 -

unknowing or involuntary because of any failure to file a motion. **Commonwealth v. Pier**, 182 A.3d 476, 478 (Pa.Super. 2018) (providing that ineffective assistance in relation to a guilty plea "will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea" (**Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007)).

### B. Sentencing Claims

Mumau next raises trial court error and ineffective assistance of counsel claims relating to sentencing. He argues the convictions should have merged for sentencing purposes. He also alleges the court abused its discretion because his co-defendants received more lenient sentences, the court sentenced him to the top of the standard range even though he had no prior criminal record and had medical problems, and the court imposed consecutive sentences.

A claim that a trial court failed to merge convictions for sentencing purposes challenges the legality of the sentence and is cognizable under the PCRA. **See Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009) (citation omitted); 42 Pa.C.S.A. § 9543 (2)(vii).

The trial court did not err in not merging Mumau's convictions. The Sentencing Code governs merger for sentencing purposes and provides:

> No crime shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes

> merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Therefore, a court cannot merge crimes for sentencing purposes unless: "1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Baldwin*, 985 A.2d at 833.

Mumau pled guilty to corrupt organizations, operating a methamphetamine laboratory, and four counts of PWID. The three crimes at issue—corrupt organizations, operating a methamphetamine laboratory, and PWID—are not crimes in which all statutory elements of an offense are included in the statute elements of another offense. *See* 18 Pa.C.S.A. § 911 (corrupt organizations); 35 P.S. § 780-113(30) (PWID); 35 P.S. § 780-113.4 (operating a methamphetamine laboratory). The only convictions that have the same elements were his convictions for the four counts of PWID. Those convictions, however, were based on different criminal acts, that is, they were based on the sale of controlled substances on separate dates. *See Commonwealth v. Williams*, 958 A.2d 522, 527-28 (Pa.Super. 2008) (finding two counts of PWID did not merge because "facts underlying each crime are totally separate and constitute two different criminal acts"). Merger was therefore not proper and Mumau is not entitled to relief on this claim.

Mumau's remaining sentencing claims are challenges to the discretionary aspects of his sentence. Such claims are not cognizable on PCRA. *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007).

Mumau's claim that counsel was ineffective for failing to challenge on appeal the discretionary aspects of sentence lacks merit.[2]

Mumau's counsel filed a motion to reconsider sentence, which the trial court denied. Further, Mumau makes no claim that he requested that counsel file an appeal, but that counsel failed to do so and therefore makes no claim that he is entitled to restatement of his appellate rights *nunc pro tunc*. **Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa.Super. 2011) (petitioner entitled to reinstatement of direct appeal rights where claim is raised in timely PCRA petition and where petitioner provides he asked counsel to file a notice of appeal and counsel failed to do so).

The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court has discretion within legal limits when sentencing a defendant, and absent an abuse of that discretion, we will not disturb its sentence. **Commonwealth v. Perry**, 32 A.3d 232, 236 (Pa. 2011). An abuse of discretion occurs where "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)).

---

[2] Mumau's claim that the trial court sentenced him to an excessive sentence due to the court's imposition of consecutive sentences and failure to consider mitigating factors raises a substantial question. **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*).

The sentencing judge does not have to give a "lengthy discourse" explaining its reasons for imposing a sentence. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010). However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.***

In sentencing Mumau, the trial court considered the pre-sentence investigation report, counsel's argument, and Mumau's statements to the court. It considered that Mumau was a veteran and that he had no prior record score. N.T., 9/7/16, at 14. It also heard from a police officer about the dangers to the community from the operation of methamphetamine labs. ***Id.*** at 4-6. The court considered all of the mitigating factors and imposed consecutive sentences for an aggregate sentence of 86 months' to 30 years' imprisonment. It reasoned, in part, that:

> [J]ust looking at the amount of methamphetamine, the separate deals, the fact that you were involved in the RICO case, I don't think it should be aggravating, but it could be aggravating. There's many thing I could point out, like the officer just pointed out about clean ups and all the other things, that could send it in the aggravated range. But I think when considering everything at each count, you should be given a consecutive sentence at the top of the standard rage with parole that is sufficient to manage you.

***Id.*** at 14. This was not an abuse of discretion. Therefore any appeal of the discretionary aspects of sentence would have been meritless.

Further, the sentences imposed for the crimes committed by Mumau's co-defendants does not alter this conclusion, particularly as we do not know

anything regarding the crimes the co-defendants were convicted of, or what each defendant's mitigating and aggravating circumstances may have been.

Because the underlying discretionary aspects of sentencing claims lack merit, Mumau's counsel ineffectiveness claim fails.

### C. Challenge to Guilty Plea

To the extent Mumau argues his guilty plea was unknowing and involuntary because his counsel told him that the sentences would be concurrent, **see** Mumau's Br. at 10, the claim lacks merit.

An allegation that counsel provided ineffective assistance in relation to a guilty plea "will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Pier**, 182 A.3d at 478 (quoting **Moser,** 921 A.2d at 531). Whether counsel was ineffective turns on "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** at 479 (quoting **Moser,** 921 A.2d at 531). Further, "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Id.** (quoting **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa.Super. 2013)).

A defendant is bound by the statements he or she made under oath during a plea colloquy. **Commonwealth v. Muhammad,** 794 A.2d 378, 384 (Pa.Super. 2002). Thus, where a defendant's claim that a guilty plea was unknowing or involuntary is belied by the record, the claim must fail. **Id.**

At the guilty plea hearing, the following exchange in which the court explains that Mumau could be sentenced to consecutive, maximum sentences occurred:

> THE COURT: Do you understand that since this plea is for an open plea, you could be sentenced to each case number to it's maximum, one consecutive to the other; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Which would be, if they were all running absolutely consecutive, 70 years and $450,000; do you understand that?
>
> THE DEFENDANT: Yes, I do, Your Honor.

N.T., 8/31/16, at 5. Mumau is bound to the statements made under oath at the guilty plea hearing, and any claim that he pled guilty because counsel informed him he would receive concurrent sentences, and he did not know the sentences could be consecutive, lacks merit.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

- 11 -