J-S31037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL EDUARDO ROSARIO | : | |
| | : | |
| Appellant | : | No. 746 EDA 2024 |

Appeal from the PCRA Order Entered February 1, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0003135-2019

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED OCTOBER 30, 2024**

Miguel Eduardo Rosario ("Rosario") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Rosario's counsel, Attorney Mark F. Lovecchio ("Counsel"), filed a petition to withdraw and an accompanying brief.[2] Initially, Counsel did not fulfill the technical mandates to withdraw under ***Turner***/***Finley***, and we remanded the matter, directing Counsel to cure the defects. Counsel filed an amended

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). This is technically incorrect, as a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc), is the appropriate filing where counsel seeks to withdraw in a PCRA matter. Nevertheless, because an ***Anders*** brief provides greater protection to a defendant, we accept this brief and will address Counsel's petition under the precepts of ***Turner***/***Finley***. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

petition to withdraw with this Court on September 25, 2024. Upon review, we grant Counsel's petition to withdraw and affirm the order dismissing Rosario's PCRA petition.

On January 21, 2020, the Commonwealth charged Rosario with numerous criminal counts, including drug delivery resulting in death. Following extensive proceedings not relevant to this appeal, on October 5, 2021, the Commonwealth filed a motion to nol pros the charges in favor of a federal prosecution. The trial court granted the Commonwealth's request and thereafter, the Commonwealth nol prossed the charges. Rosario filed an untimely notice of appeal, which this Court quashed on March 3, 2023. *Commonwealth v. Rosario*, 21 EDA 2022 (Pa. Super. filed Mar. 3, 2023) (per curiam order).

On March 23, 2023, Rosario filed a pro se PCRA petition. The PCRA court appointed counsel, who filed an amended petition. After providing the requisite notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition without a hearing. Rosario timely appealed.

The attorney representing Rosario at that time then filed a petition to withdraw as counsel, which the PCRA court granted on March 19, 2024. The PCRA court subsequently appointed Counsel to represent Rosario in the instant appeal. Counsel reviewed Rosario's case and, finding no meritorious issues for appeal, filed a petition to withdraw and an accompanying brief with this Court on April 17, 2024. As noted above, we denied Counsel's petition to

withdraw based upon his failure to comply with the technical requirements of *Turner*/*Finley*. *Commonwealth v. Rosario*, 746 EDA 2024 (Pa. Super. filed Sep. 24, 2024). Specifically, Counsel did not establish that he provided Rosario a copy of Counsel's petition to withdraw and *Turner/Finley* brief, and he incorrectly informed Rosario of his rights. *Id.* at 3-4. We remanded the matter for Counsel to correct these defects and retained jurisdiction; in response, Counsel filed a new petition to withdraw. On October 15, 2024, Rosario filed a pro se response to Counsel's *Turner/Finley* brief and request to withdraw.

Before we may address the potential merit of Rosario's PCRA claims, we must determine if Counsel complied with the technical requirements of *Turner*/*Finley*. To be permitted to withdraw from PCRA representation, counsel must

> proceed under [*Turner*/*Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted and formatting altered).

Here, Counsel's brief describes the nature and extent of his review of the case and asserts that Rosario is not eligible for relief under the PCRA. Further, Counsel presented proof that he provided Rosario notice of his intention to withdraw from representation and a copy of the brief. Amended Petition to Withdraw, 09/25/2024, at 5 (unnumbered); Petition to Withdraw, 04/17/2024 at 7. Counsel informed Rosario of his immediate right to proceed pro se or with privately retained counsel in lieu of Counsel's representation on September 25, 2024. Amended Petition to Withdraw, 9/25/2024, at 6 (unnumbered). We conclude that Counsel has complied with the requirements necessary to withdraw as counsel under *Turner*/*Finley*.

In his brief before this Court, Counsel raises a single issue: "In that [Rosario] was not convicted of any of the charged offenses by virtue of the Commonwealth's nol prosing of the charges, is [Rosario] eligible for relief under Pennsylvania's Post Conviction Relief Act?" *Turner/Finley* Brief at 4.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). "With respect to the PCRA court's legal considerations, we apply a de novo standard of review." *Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

To be eligible for relief under the PCRA, a petitioner must plead and prove that s/he has been convicted of a crime under the laws of the Commonwealth of Pennsylvania, and at the time the requested relief is granted, s/he must be currently serving a sentence of imprisonment, probation, or parole for that crime. 42 Pa.C.S. § 9543(a)(1)(i).

As Counsel recognizes, the Commonwealth nol prossed its criminal counts against Rosario. *See Commonwealth v. Totaro*, 106 A.3d 120, 122 n.2 (Pa. Super. 2014) (explaining that a nol pros is a "voluntary withdrawal by the prosecuting attorney of the proceedings on a particular bill or information") (citations omitted). Therefore, the Commonwealth's prosecution of Rosario's case ended without conviction or the imposition of a sentence.

Rosario is not eligible for relief under the PCRA because he has not been convicted of a crime under the laws of the Commonwealth of Pennsylvania and is not currently serving a sentence of imprisonment, probation, or parole. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Kirwan*, 221 A.3d 196, 200 (Pa. Super. 2019). Accordingly, we agree with Counsel that any claim Rosario wished to raise on collateral review would be entirely meritless.

In his pro se response,[3] Rosario does not "dispute" that he is not entitled to relief under the PCRA, stating that he was only attempting to "exhaust all administrative remedies" and is seeking "relief in federal court to have his appeal rights reinstated." Pro Se Response, 10/15/2024. In fact, Rosario requests that "this Court dismiss the appeal in order to seek relief in federal court." *Id.*

Rosario has not raised any additional claims that would grant him any relief. Therefore, we affirm the PCRA court's order and allow Counsel to withdraw.

Petition to withdraw granted. Order affirmed. Motion for Extension of Time to File Response granted. Motion to Reduce Amount of Reproduction of Record and Brief granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2024

_____

[3] On October 7, 2024, Rosario filed a motion for extension of time to file a response, and a motion to reduce amount of reproduction of record and brief. We grant both of these motions and now review Rosario's pro se response.